**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

AISHA RAHKIA CONNER ,　　　　　　　　　　　　Case No.: 06-40061-LMK

　　　　Debtor.　　　　　　　　　　　　　　　　　Chapter 13
_____/

**ORDER DENYING MOTION TO SET ASIDE DISMISSAL**

THIS MATTER came on for hearing on May 11, 2006, upon the Debtor's Motion to Set Aside Dismissal (Doc. 32). The Debtor filed her Chapter 13 petition on February 22, 2006, along with other required documents, but failed to file required "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." 11 U.S.C. § 521(a)(1)(B)(iv). The Clerk of Court sent out two deficiency notices to Debtor and her counsel, the first on February 23, 2006 (Doc. 7), and the second on March 21, 2006 (Doc. 25), alerting them that the employee income records had not been filed.

The Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, provides that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." 11 U.S.C. § 521(i)(1). The 45th day post-petition was April 8, 2006, but since that was a Saturday, the Debtor had until midnight on Monday, April 10, 2006, to file the income records in order to keep her case from automatic dismissal. Since the employee income records were not filed in time, the case was dismissed by operation of law on April 11, 2006. The Clerk's Office issued a Notice of Dismissal on April 12, 2006, to alert creditors and parties in interest that the case stood dismissed. A Notice of Dismissal is simply notification that a case has been dismissed; it is not an Order of Dismissal. Because the Code states that a case is "automatically" dismissed in these circumstances, the Court does not enter an Order of Dismissal unless requested to do so by a party in interest pursuant to 11 U.S.C. § 521(i)(2).

- 2 -

    The Debtor tardily filed her employee income records on April 12, 2006 (Doc. 31) and filed her Motion to Set Aside the Dismissal on April 13, 2006. In the Motion, the Debtor asks the Court to set aside the dismissal, alleging that the employee income records were not filed with the Court in time because "due to a misunderstanding regarding the recent changes in the bankruptcy law, the income records were provided to the Trustee's office, but were not filed with the Clerk's Office," and that no party would be prejudiced by the Court's granting the Motion. However, the Court has no discretion in this matter. The Bankruptcy Code provides that if a Debtor does not file the required documents by the 45th day following the filing of the petition, the Debtor's case is dismissed by operation of law. 11 U.S.C. § 521(i)(1). There is no provision that allows reinstatement of a Debtor's case upon that Debtor's tardy compliance with the filing requirements of § 521(a)(1). Accordingly, the Debtor's case must stand dismissed. It is therefore

    ORDERED AND ADJUDGED that the Debtor's Motion to Set Aside Dismissal is DENIED.

    DONE AND ORDERED at Tallahassee, Florida, on May 16th, 2006.

                                                 LEWIS M. KILLIAN, JR.
                                                 Bankruptcy Judge

cc:    Aisha Rahkia Conner
        Michael Reichman
        Leigh D. Hart
        United States Trustee